IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,254-01






EX PARTE MIKE MATTHEWS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 01-E-227-A IN THE 130TH JUDICIAL DISTRICT COURT


FROM MATAGORDA COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
felony driving while intoxicated, and was sentenced to four years' imprisonment. He did not appeal
his conviction. 

 Applicant contends, inter alia, that his plea was involuntary because trial counsel incorrectly
advised him that he could receive probation if he entered an open plea to the trial court. In fact,
because the indictment contained a deadly weapon allegation, Applicant was ineligible for either
"straight" probation or deferred adjudication probation. Applicant also alleges that trial counsel
entirely failed to advise him of his appellate rights, and that he was therefore deprived of the
opportunity to appeal. Applicant has alleged facts that, if true, might entitle him to relief. Strickland
v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court shall provide Applicant's trial counsel with the opportunity to respond to Applicant's
claim of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. The trial court shall make findings as to whether Applicant's
counsel advised him that he would be eligible for probation if he pleaded guilty to the offense as
alleged in the indictment. The trial court shall also make findings as to whether Applicant was
properly advised of the nature of the charges, the applicable punishment range, the rights he was
waiving, and the consequences of his plea. The trial court shall make findings as to whether
Applicant expressly waived his right to appeal, and if not, whether he was advised of his appellate
rights. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: August 20, 2008

Do not publish